IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AURELIO ANTONIO FRANCO, § § *Plaintiff*, § § v. § § U.S. BANK NATIONAL ASSOCIATION, § AS TRUSTEE FOR MASTER ASSET § BACKED SECURITIES TRUST 2007-HE2, § MORTGAGE PASS THROUGH § CERTIFICATES, SERIES 2007-HE2, AND § OCWEN LOAN SERVICING, LLC, § § *Defendants*. § | Civil Action No.  SA-14-CV-636-XR |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On this date, the Court considered Defendants' motion to dismiss (docket no. 4). For the following reasons, the motion is GRANTED in part and DENIED in part. Plaintiff is granted leave to amend in part.

**I.     Background**

Plaintiff Aurelio Antonio Franco filed a state-court petition with an application for temporary restraining order in the 166th Judicial District Court of Bexar County, Texas on June 17, 2014. Docket no. 1-1. By his lawsuit, Franco sought to set aside the foreclosure sale of the property that occurred on May 6, 2014.

Franco alleges that Defendants Ocwen Loan Servicing, LLC, as lender, and U.S. Bank National Association, as trustee, failed to provide proper notice of acceleration and foreclosure sale. Ocwen sent Franco notice of default and intent to accelerate on May 9, 2013. Ocwen sent Franco notice of acceleration of loan maturity on June 10, 2013. Franco alleges he submitted an

1

application for loan modification on June 20, 2013, and submitted all information requested by Ocwen on time for Ocwen's modification process. Franco further alleges his loan modification was still pending on May 6, 2014, the foreclosure date, despite "promises of the agents… of Defendant Ocwen that the foreclosure would be postponed until such time as a final determination had been made on his loan modification." Franco alleges he received no notice of foreclosure or the foreclosure sale.

Franco seeks equitable relief to set aside the foreclosure sale on several theories: 1) improper notice, or waiver, 2) breach of the Deed of Trust, 3) promissory estoppel, 4) violation of the Texas Deceptive Trade Practices Act (DTPA), 5) violation of the Texas Debt Collection Act (DCA), and 6) fraud.

The state court granted Franco a temporary restraining order on June 18, 2014. Docket no. 1, Ex. B-3. Defendants removed the action to this Court on July 14, 2014 based on diversity jurisdiction.[1] Subsequently, Defendants filed a motion to dismiss Franco's lawsuit for failure to state a claim.

## II.   Legal Standard

### A.  Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to

---

[1] *See* Docket No. 1 (Defendants asserting their residencies in Ohio and the U.S. Virgin Islands, and attaching evidence showing a property value of $98,850); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). Diversity jurisdiction is proper here.

the relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez–Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**B.  Documents that May Be Considered**

In deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'")). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

In this case, Defendants attached Franco's Deed of Trust to the motion to dismiss. It is referenced in Franco's petition and provided Ocwen's authority to foreclose. The Deed of Trust

is central to Franco's claims. The Deed of Trust is additionally a matter of public record. The Court, therefore, will consider the Deed of Trust in ruling on Defendants' motion.

### III. ANALYSIS

**A. Rescission for Improper Notice or Waiver**

Plaintiff asks for rescission of the foreclosure sale because Defendants did not give proper notice under the Texas Property Code or they waived their right to foreclosure under the Deed of Trust. Franco argues that the gap between the notice of acceleration on June 10, 2013 and the foreclosure sale on May 6, 2014 did not put Franco on proper notice of the foreclosure, or alternatively constituted a waiver of Ocwen's foreclosure right.

Franco alleges an extended period between notice of default, notice of acceleration and the foreclosure sale. Franco also alleges the final notice of foreclosure and sale indicating where and when the foreclosure sale would take place was not sent and he did not receive it.

Franco first argues that Defendants failed to send or otherwise properly give a final foreclosure notice, or any notice that included the final time and place of the foreclosure sale. Lenders must provide notice of the foreclosure sale's time and place at least twenty-one (21) days prior to the sale. TEX. PROP. CODE § 51.002(b). For notice to be valid, it must be properly served in writing on the debtor. *Id*. "Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e). Under Texas law, a foreclosure sale may be set aside as invalid if notice is improper under § 51.002. *See Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 232–234 (Tex. 1982); *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n. 6 (5th Cir.1989) ("[A] sale without the required twenty-one days' notice is invalid or void" in Texas).

Taking the factual allegations in the complaint as true, and under the lenient notice pleading standard, Franco states a plausible claim for improper notice, which if proved would result in setting aside the foreclosure sale.[2]

Franco also argues that the time lapse between the notice of acceleration in June, 2013 and the May, 2014 foreclosure amounts to improper notice under the Texas Property Code. Prior to exercising the power of sale, the Texas Property Code requires a lender to provide notice of default and notice of intent to accelerate in the event of uncured default. TEX. PROP. CODE § 51.002(b); *Ogden*, 640 S.W.2d at 234. Passage of time between notice of default, notice of intent to accelerate, and actual foreclosure and sale does not amount to improper notice. *See JP Morgan Chase Bank, N.A. v. Dixon*, 541 F. App'x 423, 428 (5th Cir. 2013) (holding two years between notice of default and notice of intent to accelerate did not invalidate a foreclosure sale); *Jimenez v. Flagstar Bank, F.S.B.*, SA-13-CV-186-XR, 2013 WL 6332128 (W.D. Tex. Dec. 5, 2013) (holding a foreclosure and sale after much more than a year from first notice of default with ongoing negotiations for modification did not invalidate the foreclosure sale). Here, the notice of default, notice of intent to accelerate, and foreclosure and sale all occurred within a year. While the passage of nine months between the notice of acceleration and foreclosure and sale may be a little out of the ordinary, this Court sees nothing in the Texas Property Code or the case law indicating the notice of acceleration far in advance of the foreclosure should provide the basis for rescinding an otherwise valid foreclosure sale. In fact, the statute focusing on the notice of default and the notice of foreclosure provides only a minimum amount of notice before sale, twenty-one days, not a maximum. *See* TEX. PROP. CODE § 51.002(b); *JP Morgan Chase Bank, N.A. v. Dixon*, 541 F. App'x 423, 428–29 (5th Cir. 2013). While it might be best practice to re-

---

[2] Defendants produced summary judgment evidence that proper notice, including time and location of the foreclosure sale was, in fact, given. See Section IV. Conclusion, below.

notice a homeowner regarding an intent to imminently foreclose after an extended loan modification process, Texas law does not require re-notice of acceleration if it has already been given.

Additionally, Franco claims Defendants waived their right to foreclose and sale due to passage of time. Yet, the Deed of Trust in this case specifically states the "[e]xtension of the time for payment or modification . . . shall not operate to release liability of borrower . . . [and] any forbearance by [defendant] in exercising any right or remedy . . . shall not be a waiver of or preclude the exercise of any right or remedy." Docket No. 4, Ex. A-5 at ¶ 12. Such clauses are enforceable to prevent waiver. *Watson v. CitiMortgage, Inc.*, 530 F. App'x 322, 326 (5th Cir. 2013); *Simicek v. Wells Fargo Bank*, N.A., CIV.A. H:12-1545, 2013 WL 5425126 (S.D. Tex. Sept. 26, 2013). Defendants did not waive their right to foreclose. Still, Defendants' motion to dismiss is denied with regard to the improper notice claim.

### B. Breach of Contract

Franco alleges Defendants breached their contractual duties under the Deed of Trust. To state a breach-of-contract claim, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). A party in default on a contract cannot bring suit on that contract because she has not performed on the contract. *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). In this case, Franco is in default and does not claim otherwise. Alleging Ocwen was considering a modification is not

sufficient to waive default or demonstrate Franco's performance. Franco does not state a claim for breach of contract.

Additionally, Franco fails to allege the specific contract terms Defendants violated. Plaintiffs must allege the specific contract terms and how they were violated in order to state a claim for breach of contract. *Mae v. U.S. Prop. Solutions, L.L.C.*, CIV.A. H-08-3588, 2009 WL 1172711 (S.D. Tex. Apr. 28, 2009). Because Franco fails to identify specific contract terms or how those terms were violated in the petition, Franco fails to state a claim for breach of contract. Defendants' motion is granted with regard to the breach-of-contract claim.

C. **Promissory Estoppel**

Franco pleads promissory estoppel as an independent cause of action. Promissory estoppel may be asserted as a cause of action or a defensive theory in Texas. *El Paso Healthcare Sys. Ltd. v. Piping Rock Corp.*, 939 S.W.2d 695, 698 (Tex. App.—El Paso 1997, writ denied). The doctrine applies when the "promisor should reasonably expect that the promise will induce action or forbearance, the promisee substantially relies on the promise to his detriment, and enforcement of the promise is necessary to avoid an injustice." *Bailey v. City of Austin*, 972 S.W.2d 180, 193 (Tex. App.—Austin 1998, pet. denied); *see also In re Weekley Homes, L.P.*, 180 S.W.3d 127, 133 (Tex. 2005); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 398 (5th Cir. 2013). Franco alleges that Ocwen promised not to foreclose on his home and consider a modification of his loan. As a result, Franco alleges he detrimentally relied on the promises and justice cannot be done without enforcing the promise. Franco likely states a claim for promissory estoppel.

However, Defendants raise the statute of frauds as an affirmative defense to promissory estoppel. FED. R. CIV. P. 8(c); *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank*,

NA, 467 F.3d 466, 470 (5th Cir. 2006). The Texas Business Code subjects loan agreements greater than $50,000 to the state's statute of frauds. TEX. BUS. & COM. CODE §§ 26.02(b), (c), (d).[3] The statute defines "loan agreement" as a promise or agreement "pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation," i.e. a loan modification. TEX. BUS. & COM. CODE §§ 26.02(a)(2). Loan modifications that apply to loans for more than $50,000 are therefore only enforceable if they are reduced to writing. A promise to sign an enforceable written agreement is an exception to the statute of frauds. *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982).

The Fifth Circuit, in *Martin-Janson*, recently discussed this exact issue. 536 F. App'x at 399. There, the plaintiff included in her factual allegations: 1) defendant told plaintiff a loan modification was "certain and imminent;" 2) "[plaintiff] believed [defendant] in fact prepared a specific loan modification agreement but never forwarded that document;" and 3) to the extent the modification was not complete or put to writing, it would be filled in by automatic calculations based on a formula and standard forms and language. *Id*. The plaintiff in *Martin-Janson* also argued that discovery would recover the specific loan modification agreement prepared for her, or the terms of her promised modification based on the formula and standard language. *Id.* On those facts, the Fifth Circuit reversed the district court's dismissal of the promissory estoppel claim. The plaintiff alleged sufficient facts to create more than mere

---

[3] "(b) A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.
(c) The rights and obligations of the parties to an agreement subject to Subsection (b) of this section shall be determined solely from the written loan agreement, and any prior oral agreements between the parties are superseded by and merged into the loan agreement.
(d) An agreement subject to Subsection (b) of this section may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." TEX. BUS. & COM. CODE §§ 26.02(b), (c), (d)

suspicion that the defendant "promised to sign a written agreement which itself complies with the statute of frauds." *Id.* (quoting *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 940 (Tex. 1972)).

Here, Franco makes no allegations regarding a certain and imminent modification, or that he believed a loan modification was reduced to writing. Franco also fails to allege that Ocwen has such a written modification in its possession, or that discovery would disclose such a document. In fact, Franco only alleges that Defendants promised "that the foreclosure would be postponed until such time as a final determination" had been made on his loan application. The closest Franco comes to alleging similar pertinent facts to *Martin-Janson* is in the response to the motion to dismiss, where Franco states Defendants promised "to execute a loan modification agreement if the loan modification was approved." This is not enough. Looking at the allegations in the light most favorable to Plaintiff and drawing all reasonable inferences from those allegations, Franco has not alleged sufficient facts to potentially avoid Defendants' statute of frauds defense. *See Iqbal*, 556 U.S. at 678.

### D. DTPA Violation

Franco's petition alleges a Texas Deceptive Trade Practices Act violation. In order to assert a DTPA claim, a plaintiff must plead facts demonstrating he is a "consumer" as defined by the Act. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). The term consumer means any "individual . . . who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45. A consumer must 1) seek or acquire goods or services by purchase or lease, and 2) "'the goods or services purchased or leased must form the basis of the complaint.'" *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724-25 (5th Cir. 2013) (quoting *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996,

no writ)). A pure loan is not typically a good or service for DTPA purposes, but a loan may form the basis for a DTPA claim when it is directly used to buy or build a house. *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 706–08 (Tex. 1983).

However, Franco's allegations that are not conclusory statements about violating certain sections of the DTPA are based on the failed loan modification. Negotiations regarding the loan modification with Ocwen are a different transaction than the original loan for the home. *See Miller*, 726 F.3d at 725. Loan modifications are pure loan transactions because the house is already bought, and the would-be consumer is only hoping to keep the house. *See id.*; *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App.—Ft. Worth 2007, no pet.). As such, Franco is not a consumer because the basis of Franco's claim is a pure loan transaction. The petition alleges Franco "sought to purchase a home via the loan," but it can only be referring to the home that Franco already purchased. He was not seeking to buy a different house, just to keep the one he already purchased.

Franco was also not purchasing services when seeking to modify his loan. This Court has held those seeking loan modifications are not seeking "services" under the DTPA when the ultimate goal of the modification is a loan of money on different terms than the original mortgage and the home was already acquired through a separate transaction. *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 575-76 (W.D. Tex. 2012) (citing *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980) (holding plaintiff who sought a loan to avoid repossession of his car, and no additional services beyond those ancillary to obtaining said loan, was not a consumer under the DTPA as he did not seek services)); *see also Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 166–67 (Tex. App.—Austin 1996, no writ) (holding a plaintiff who sought a loan services ancillary to that loan like a credit check and closing assistance was not a

consumer under the DTPA). Franco only sought to modify his loan to avoid foreclosure. He sought no other services beyond those ancillary to his loan modification. Franco did not seek services as defined in the DTPA. Franco therefore was not a consumer under the DTPA and his petition fails to state a claim under the DTPA. Defendant's motion to dismiss is granted with regard to the DTPA claim.

### E. DCA Violation

Franco next alleges Defendants violated the Texas DCA by threatening to foreclose without proper notice and then foreclosing and selling the property. "[A] debt collector may not use threats, coercion, or attempts to coerce [by] . . . threatening to take an action prohibited by law" when collecting a consumer debt. TEX. FIN. CODE § 392.301; *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). Debt collectors are also forbidden from unfair, unconscionable, fraudulent, deceptive, or misleading representations when collecting a debt. TEX. FIN. CODE §§ 392.303, 304. Mortgage servicers and assignees are "debt collectors" under the DCA. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). Foreclosure actions are covered by the DCA because they eventually involve a debt collection aspect. *Bracken v. Wells Fargo Bank, N.A.*, 4:12-CV-679, 2014 WL 31778 (E.D. Tex. Jan. 3, 2014).

Franco bases his DCA claim on the improper notice claim discussed above. He alleges Defendants together threatened to "take an action prohibited by law" when they threatened to foreclose on his house without the proper notices. Foreclosing on the house without proper notice is an action prohibited by the Texas Property Code. Despite previous assertions that Franco believed his modification was still under consideration and that he received no notice of foreclosure after June 10, 2013, Franco alleges "[each Defendant, individually and in concert" threatened to foreclose on [Franco's] home without proper notice" and then actually foreclosed

without proper notice. Franco also incorporates the factual allegations in his improper notice claim. Taking the factual allegations in the complaint as true, and under the lenient notice pleading standard, Franco states a plausible claim under the DCA. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 733 (N.D. Tex. 2011) (holding the DCA claim survives a motion to dismiss in almost the exact same scenario). However, if the improper notice claim is dismissed, the DCA claim does not survive.

### F. Fraud

Finally, Franco alleges the tort of fraud because Defendants did not follow the foreclosure proceedings laid out in the Deed of Trust or mandated by Texas law after promising to do so. The elements of fraud in Texas are: "1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

Plaintiffs alleging fraud must also meet a heightened pleading standard. FED. R. CIV. P. 9(b). To meet the heightened standard, Franco must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Rule 9(b) requires that the pleading include the "who, what when, where, and how" of the alleged fraudulent statement. *Williams*, 112 F.3d at 179 (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994). These requirements provide fair notice to the defendant of the plaintiff's claim, and prevent plaintiffs from "filing baseless claims and then attempting to

discover unknown wrongs." *In re Baker Hughes Securities Litigation*, 136 F. Supp. 2d 630, 637 (S.D. Tex. 2001) (citing *Melder*, 27 F.3d at 1100). A plaintiff need only generally allege "[m]alice, intent, knowledge, and other conditions of [the defendant's] mind." FED. R. CIV. P. 9(b). Pleading scienter, however, requires "more than a simple allegation that a defendant had fraudulent intent"; the pleading must "set forth specific facts that support an inference of fraud." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). Fraudulent intent can be inferred by alleging facts that show the defendant's motive to commit the alleged fraud, or that identify circumstances that indicate conscious behavior on the part of the defendant. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Fraud may be pled based on information and belief if the facts are "peculiarly within the opposing party's knowledge." *Id*.

Here, Franco alleges no facts specifying the speaker's identity, or when and where the statements were made. Franco also fails to state specific facts that support the inference of fraud like motive or circumstances that indicate conscious behavior. Franco falls short of the heightened pleading standard for fraud in Rule 9(b), and therefore Defendants' motion to dismiss the fraud claims in Franco's petition is granted. Plaintiff is granted leave to amend his petition to conform to Rule 9(b).

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (docket no. 4) is GRANTED in part and DENIED in part. Plaintiff's improper notice claim under the Texas Property Code remains pending. However, Plaintiff should assess the viability of that claim in light of the summary judgment evidence Defendants have raised. Plaintiff's fraud claim is DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to amend to conform his petition to Rule 9(b)

by September 22, 2014. The remainder of Plaintiffs' claims are DISMISSED WITH PREJUDICE.

"[I]t is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment." *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) (quoting *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770–71 (5th Cir. 2000)).  Summary judgment is appropriate when "the pleadings . . . and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Accordingly, the Court places Plaintiff on notice to come forward with all of his evidence to support his claim that Defendants did not properly mail notice to Plaintiff prior to foreclosure and sale. Plaintiff shall file his evidence and response to the Court's *sua sponte* consideration no later than September 22, 2014.

It is so ORDERED.

SIGNED this 8th day of September, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE