**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AURELIO ANTONIO FRANCO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-14-CV-636-XR |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR MASTER ASSET | § | |
| BACKED SECURITIES TRUST 2007-HE2, | § | |
| MORTGAGE PASS THROUGH | § | |
| CERTIFICATES, SERIES 2007-HE2, AND | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

On this date, the Court considered the status of this case.  For the following reasons, the Court GRANTS Defendants' second motion to dismiss and GRANTS summary judgment on the remaining causes of action.

## I.      Background

Plaintiff Aurelio Antonio Franco filed a state-court petition with an application for temporary restraining order in the 166th Judicial District Court of Bexar County, Texas on June 17, 2014.  Docket no. 1, ex. 1.  By his lawsuit, Franco sought to set aside the foreclosure sale of the property that occurred on May 6, 2014.

Franco alleges that Defendants Ocwen Loan Servicing, LLC, as lender, and U.S. Bank National Association, as trustee, failed to provide proper notice of acceleration and foreclosure sale prior to foreclosing his property. Defendants sent Franco notice of default and intent to accelerate on May 9, 2013.  Defendants sent Franco notice of acceleration of loan maturity on

June 10, 2013.  Franco alleges he submitted an application for loan modification on June 20, 2013, and submitted all information requested by Ocwen on time for Ocwen's modification process.  Franco further alleges his loan modification was still pending on May 6, 2014, the foreclosure date, despite "promises of the agents . . . of Defendant Ocwen that the foreclosure would be postponed until such time as a final determination had been made on his loan modification."  Franco alleges he received no notice of foreclosure or the foreclosure sale.

The state court granted Franco a temporary restraining order on June 18, 2014.  Docket no. 1, ex. B-3.  Defendants removed the action to this Court on July 14, 2014 based on diversity jurisdiction.[1]  Subsequently, Defendants filed the first motion to dismiss Franco's lawsuit for failure to state a claim, (docket no. 4), which the Court granted in part and denied in part.  The court did not dismiss Franco's improper notice and unfair debt collection under the Texas Debt Collection Act (DCA) claims, but converted them *sua sponte* to a motion for summary judgment. The Court urged Franco to submit summary judgment evidence "to support his claim that Defendants did not properly mail notice to Plaintiff prior to foreclosure and sale."  Docket no. 8. The Court also granted Franco leave to amend his fraud claim to meet the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b).  Franco had until September 22, 2014 to amend his complaint and provide the Court summary judgment evidence on the notice claims.

Franco filed an amended complaint.  Docket no. 9.  The amended complaint adds allegations regarding the fraud claim, stating an Ocwen employee, Amanda Briseno, "informed [Franco] that he would not qualify [for a loan modification] due to his income," had further discussions with Franco about his income and the loan modification application, and suggested

---

[1] *See* Docket No. 1 (Defendants asserting their residencies in Ohio and the U.S. Virgin Islands, and attaching evidence showing a property value of $98,850); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). Diversity jurisdiction is proper here.

Franco "submit a new loan-modification application with the more current financial information." (Docket no. 9, at 7).   Franco further specifically alleges Briseno "informed [Franco] that she had not received his packet," and that Franco "assured [] Briseno that he had, in fact, sent such packet with updated information."   Franco alleges that he believed, based on Defendants' and Briseno's comments, no foreclosure would occur until his second loan modification application was reviewed and he received an official decision.   He also alleges that he called Ocwen in mid-April 2014 and was told by a representative his file could not be accessed because the "computer systems were down."

Defendants filed their second motion to dismiss on October 6, 2014.   In that motion, Defendants ask the Court to dismiss the fraud claim and grant summary judgment on the notice and DCA claims.   Franco has not responded to Defendants' second motion to dismiss.

## II.        Analysis

### A.  Fraud Claims

The Court dismissed Franco's fraud claims without prejudice, granting Franco the opportunity to replead.   Franco added allegations to support his fraud claim in the amended complaint.   Defendants move to dismiss the fraud claim pursuant to Rule 12(b)(6) and the heightened pleading standard for fraud claims in Rule 9(b).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought."   Fed. R. Civ. P. 8(a).   In considering a

motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

To meet the heightened standard in Rule 9(b), plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Rule 9(b) requires that the pleading include the "who, what when, where, and how" of the alleged fraudulent statement or action. *Williams*, 112 F.3d at 179 (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994)). A plaintiff, however, need only generally allege "[m]alice, intent, knowledge, and other conditions of [the defendant's] mind." FED. R. CIV. P. 9(b).

The Court dismissed Franco's fraud claims previously because his allegations did not meet the heightened pleading standard. Specifically, the Court found Franco "allege[d] no facts specifying the speaker's identity, or when and where the statements were made. Franco also fail[ed] to state specific facts that support the inference of fraud like motive or circumstances that indicate conscious behavior." Docket no. 8 at 13.

In his amended complaint, Franco makes several new specific allegations about Ocwen employee Briseno and adding more specificity about the substance of statements made by Ocwen and its other agents. These allegations still fail to meet the heightened pleading standard in Rule 9(b) because they inadequately state the "who, what, when, where, and how." Franco

4

alleges Briseno made limited statements to Franco about his loan modification application, and requested additional information from him.  But the bulk of the facts supporting the fraud claim remain attributed to Ocwen generally, including the crucial statement that Ocwen "would forbear from foreclosure pending the loan modification."  Alleging a business made a statement is insufficiently specific under Rule 9(b); the complaint must state the specific person who made the false statements the plaintiff allegedly relied upon to his detriment.  *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) ("The time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby must be stated in a complaint alleging violation of the FCA in order to satisfy Rule 9(b).").  Here, the few statements attributed to Briseno do not meet the requirements of Rule 9(b).

The amended complaint also fails to allege when the statements by Ocwen or Briseno were made except mentioning "October," "mid-April of 2014" and generally alleging the fraud took place over the course of nine months, which is insufficient to support a fraud claim under Rule 9(b).  *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 598 (S.D. Ind. 2000) ("[Plaintiff] cannot expect simply to rest on its broad assertion that the fraud occurred over a period of six months."); *Unique Functional Products, Inc. v. JCA Corp.*, No. 09-CV-265-JM MDD, 2011 WL 3359657, at *3 (S.D. Cal. Aug. 3, 2011) (alleging the fraud took place over a twelve-to-fifteen-month period did not "provide information sufficient to put Defendants on notice of the particular events on which it is basing its fraud cause of action.").  The amended complaint fails to sufficiently plead when or where the allegedly fraudulent statements were made to give Defendants the notice they need to properly defend themselves.  Franco's amended complaint fails to meet the heightened pleading standards in Rule 9(b), and therefore, is dismissed.

### B.  Improper Notice and DCA Claims

The Court denied Defendants' motion to dismiss with regard to the improper notice and DCA[2] claims in Franco's original complaint.  Franco alleges that Defendants failed to give him proper notice of foreclosure pursuant to Texas Property Code § 51.002(b), so they could not lawfully foreclose his property.  Franco also alleges that, due to this improper notice, Defendants are debt collectors who violated Texas Financial Code § 392.301 by threatening to take an action prohibited by law when they went to foreclose without adequate notice.  Defendants provided the Court the notices sent to Franco marked as first-class mail.  Given this summary judgment evidence, the Court put Franco on notice to come forward with his evidence supporting the lack of notice and DCA claims or the Court would grant Defendants summary judgment on those claims *sua sponte*.  Docket no. 8.

A court shall grant summary judgment if the movant shows that there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  To establish that there is no genuine dispute over any material fact, the movant must submit evidence that negates the existence of some material element of the nonmoving party's claim or defense.  *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993).  If the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, the movant can merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense.  *Id.* Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

---

[2] The DCA claim was based entirely on the improper notice claim.  Docket no. 1, ex. 1.  Without the improper notice claim, the DCA claim will be dismissed.

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, put differently, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.4 (1986); *Lavespere,* 910 F.2d at 178. In making this determination, the court should review all the evidence in the record, drawing all reasonable inferences in favor of the nonmovant and without making credibility determinations or weighing the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–555 (1990). The court also considers "evidence supporting the moving party that is uncontradicted and unimpeached." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

The Court permitted the improper notice claim to survive Defendants' first motion to dismiss because Franco properly stated a claim by alleging he was sent no notice of the foreclosure. The Court then asked him to provide summary judgment evidence to support his improper notice claim. Franco fails to provide any evidence supporting the improper notice claim in his amended complaint, attached to the amended complaint, or in any other documents. Defendants provided the notices sent to Franco about the foreclosure sale via first-class mail. Docket no. 4, exs. A-1-5. The evidence that Franco was properly put on notice is uncontradicted and unimpeached. Franco has not put sufficient evidence in the record such that any reasonable jury could find he did not receive proper notice. The Court finds no genuine issue of material fact that Franco was provided adequate and proper notice pursuant to Texas Property Code § 51.002(b). Because proper notice was given under the Texas Property Code, the Court also finds no genuine issue of material fact regarding the DCA claim that is based entirely on the

improper notice claim. The Court therefore GRANTS Defendants summary judgment as to Franco's improper notice and DCA claims.

Lastly, Franco asks the Court for declaratory and injunctive relief.  Declaratory and injunctive relief are not substantive causes of action and cannot be sustained without a viable underlying cause of action. *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 864–65 (N.D. Tex. 2013) aff'd *Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238 (5th Cir. 2014) cert. denied, 135 S. Ct. 220 (2014); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (stating the same under Texas law).  The Court therefore dismisses his claims for declaratory and injunctive relief because all other claims have been dismissed.  *See Silveira v. CitiMortgage, Inc.*, No. CIV.A. H-11-2757, 2012 WL 423409, at *2 (S.D. Tex. Feb. 8, 2012).

### III.    Conclusion

For all the reasons state above, the Court GRANTS Defendants' motion to dismiss (docket no. 8) and GRANTS summary judgment as to all other remaining claims.  Plaintiff's amended complaint is DISMISSED WITH PREJUDICE.  The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case.  Defendants are awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 13th day of November, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE